# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-5867 PA (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | Energy Intelligence Group, Inc., et al. v. Plains All American Pipeline, L.P., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants Plains All American Pipeline, L.P. and Plains Marketing, L.P. ("Defendants"). (Docket No. 8.) Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited ("Plaintiffs") filed an Opposition. (Docket No. 15.) Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 10, 2012, is vacated, and the matter taken off calendar.

On December 21, 2011, Plaintiffs filed a Complaint alleging that defendant Plains All American Pipeline, LP ("PAAP") infringed the copyright of Plaintiffs' Oil Daily newsletter by distributing copies of the newsletter to PAAP's employees and third parties without Plaintiffs' permission, in violation of both Plaintiffs' copyrights and the terms of the subscription agreement. That case, Energy Intelligence Group, Inc., et al. v. Plains All American Pipeline, L.P., Case No. CV 11-10556 PA (SSx) ("the first action"), concerns only the October 14, 2011 issue of Oil Daily.

On April 16, 2012, the Court issued a Scheduling Order for the first action, setting July 9, 2012 as the last day for hearing of motions to amend pleadings or add parties. Thus, June 11, 2012 was the last day to file any such motions. On June 19, 2012, Plaintiffs' counsel emailed defense counsel, asking for a stipulation to modify the Court's Scheduling Order, so they could amend their Complaint. Defense counsel told Plaintiffs' counsel "that, since Plaintiffs had missed the deadline, Defendant could not stipulate to Plaintiffs' attempt to override the Court's order and that Plaintiffs needed to seek relief from the Court. (Motion at 2:20–23.) Instead of seeking relief from the Court, Plaintiffs filed this action, Energy Intelligence Group, Inc., et al. v. Plains All American Pipeline, L.P., et al., Case No. CV 12-5867 PA (SSx) ("the second action") on July 6, 2012. The second action's Complaint is nearly identical to that of the first action, except that (1) defendant Plains Marketing, L.P. — a wholly owned subsidiary of PAAP — was not named in the first action; and (2) the Complaint in the second action states, "This Complaint alleges infringement of all issues of [Oil Daily] published between December 1999 and December 2011 except the October 14, 2011 issue of [Oil Daily]." (Complaint ¶ 21.)

Now, Defendants move to dismiss the second action because it is duplicative of the first action.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-5867 PA (SSx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | Energy Intelligence Group, Inc., et al. v. Plains All American Pipeline, L.P., et al. | | |

Defendants rely heavily on Adams v. Cal. Dept of Health Servs., 487 F.3d 684 (9th Cir. 2007) to support their position that this Court should dismiss the second action with prejudice. In Adams, the plaintiff sought to amend her complaint well after the amendment deadline. The district court denied plaintiff's motion to amend and entered a final judgment. Then, "in an attempt to avoid the consequences of her own delay and to circumvent the district court's denial of her untimely motion," the plaintiff filed a second lawsuit, asserting here four new claims and naming additional defendants. Id. at 687–88. However, Adams merely holds that it was not an abuse of discretion for the district court to dismiss a second action with prejudice, where the district court had already determined that the plaintiff "failed to demonstrate good cause for the undue delay in seeking leave to amend, and that granting her motion to amend would prejudice the defendants already named in her complaint." Id. at 687.

In Adams, the Ninth Circuit states, "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688.

Here, Defendants fail to demonstrate how they will be unfairly prejudiced if the Court does not dismiss the second action. As Plaintiffs note, unlike in Adams, where there was a ten-month delay before filing the second suit, here, the second action was filed only six months after the first action. Moreover, in Adams, the second action was filed after the completion of discovery in the first action; here, little discovery has yet occurred and no depositions have been taken in the first action. While the better practice would have been for Plaintiffs to have sought leave to amend their Complaint in the first action rather than filing this second action, after weighing the equities, the Court finds that dismissal of the second action is unwarranted.

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss. Defendants shall file an Answer to the Complaint by October 1, 2012.

IT IS SO ORDERED.