```
 1 │ MESEREAU & YU, LLP
   │ Thomas A. Mesereau, Jr. (SBN 91182)
 2 │ Email:  mesereau@mesereauyu.com
   │ Susan C. Yu (SBN 195640)
 3 │ Email:  yu@mesereauyu.com
   │ 10390 Santa Monica Blvd., Suite 220
 4 │ Los Angeles, CA, 90025
   │ Telephone: (310) 789-1177
 5 │ Facsimile: (310) 861-1007
   │
 6 │ Attorneys for Defendants and Counter-Claimants
   │ PLAINS ALL AMERICAN PIPELINE, L.P.
 7 │ AND PLAINS MARKETING, L.P.
 8 │
   │                     UNITED STATES DISTRICT COURT
 9 │
   │                    CENTRAL DISTRICT OF CALIFORNIA
10 │
11 │ ENERGY INTELLIGENCE GROUP, INC.  ) Case No.  CV 12-05867 PA (SSx)
   │ and ENERGY INTELLIGENCE GROUP    )
12 │ (UK) LIMITED                     ) DEFENDANTS' OPPOSITION TO
   │                                  ) PLAINTIFFS' MOTION TO
13 │         Plaintiffs,              ) CONSOLIDATE
   │                                  )
14 │    v.                            ) DATE: November 19, 2012
   │                                  ) TIME: 1:30 p.m.
15 │ PLAINS ALL AMERICAN PIPELINE,    ) PLACE: Courtroom 15
   │ L.P., and PLAINS MARKETING, L.P. ) JUDGE: Hon. Percy Anderson
16 │                                  )
   │                                  )
17 │         Defendants.              )
   │ _____ )
18 │                                  )
   │ PLAINS ALL AMERICAN PIPELINE,    )
19 │ L.P., and PLAINS MARKETING, L.P. )
   │                                  )
20 │         Counter-Claimants,       )
   │                                  )
21 │    v.                            )
   │                                  )
22 │ ENERGY INTELLIGENCE GROUP, INC.  )
   │ and ENERGY INTELLIGENCE GROUP    )
23 │ (UK) LIMITED.                    )
   │                                  )
24 │                                  )
   │         Counter-Defendants.      )
25 │ _____ )
26 │
27 │
28 │
```

## Table of Contents

I. INTRODUCTION....................1

II. RELEVANT BACKGROUND....................2

III. ARGUMENT....................6

A. Legal Standards For Consolidation....................6

B. Consolidation Should Be Denied Since It Would Unfairly Prejudice Defendant By Unreasonably Delaying the EIG I Trial Even Though Discovery And Trial Preparation Are Completed....................7

C. Consolidation Should Also Be Denied Because It Will Not Promote Judicial Economy Whereas Allowing EIG I To Go To Trial First As Planned May Dispose Of Issues Common To EIG II And Encourage Settlement Of EIG II Before It Gets Started....................9

D. EIG's Motion To Consolidate Should Also Be Denied Because It Is An Improper Attempt To Circumvent The Court's Scheduling Order Deadlines In EIG I And Its Denial Of Plaintiffs' Request To Extend Those Deadlines in EIG I....................10

E. If The Court Is Still Inclined To Consolidate EIG I and EIG II, The Court Should Preclude Plaintiffs From Re-seeking Discovery Already Sought In EIG I Or Re-litigating Discovery Or Other Legal Issues That Were Already Resolved In EIG I....................11

IV. CONCLUSION....................11

1

# TABLE OF AUTHORITIES

2

**Case Law**

3
*Arkansas Right to Life State Political Action Committee v. Butler*
972 F. Supp. 1187 (W.D. Ark. 1997)................................7

4

*Bruno v. Borough of Seaside Park*
5
2006 WL 2355489
(D.N.J. Aug. 14, 2006)..........................................7

6
*EEOC v. HBE Corp.*
7
135 F.3d 543 (8th Cir. 1998).....................................6

8
*Firefighters, Local 1908 v. County of Clark*
No. 2:12-cv-00615-MMD-VCF
9
2012 WL 1986590 (D. Nev. June 1, 2012)..........................7

10
*Glass v. Intel Corp.*
No. CV 06-671-PHX-MHM
11
2007 WL 2265663 (D. Ariz. Aug. 6, 2007).........................7

12
*Investor's Research Co. v. U.S. Dist. Court*
*for the Cent. Dist. of Cal.*
13
877 F.2d 777 (9th Cir. 1989) ...................................6

14
*Long v. Dickson*
No. 06-4012-SAC
15
2006 WL 1896258 (D. Kan. June 29, 2006).........................7

16
*Pierce v. County of Orange*
526 F.3d 1190 (9th Cir. 2008)...................................6

17

*Single Chip Sys. Corp. v. Intermec IP Corp.*
18
495 F. Supp. 2d 1052 (S.D. Cal. 2007)...........................7

19
*Takeda v. Turbodyne Tech., Inc.*
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...........................6

20
*U.S. Rubber Recycling, Inc. v. Encore Intern., Inc.*
21
No. CV 09-09516 SJO (OPx)
2011 WL 311014 (C.D. Cal. Jan. 7, 2011).........................7

22

23
**Statute**

24
F.R.C.P. 42...................................................6,11

25

**Treatise**

26
9 C. Wright & A. Miller
27
FEDERAL PRACTICE AND PROCEDURE § 2383 (1971)....................6

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiffs' Motion to Consolidate <u>Energy Intelligence Group, Inc. v. Plains All American Pipeline, L.P.</u>, Case No. CV 11-10556 PA (SSx) ("EIG I") with <u>Energy Intelligence Group, Inc., et al. v. Plains All American Pipeline</u>, L.P., et al., Case No. CV 12-5867 PA (SSx) ("EIG II") should be denied for *at least* five independent reasons.

<u>First</u>, consolidation would unreasonably delay the trial of EIG I which is set to proceed on December 4, 2012, now that discovery and trial preparation have all been completed. EIG II, on the other hand, has hardly even begun. The parties have yet to exchange and file the joint Rule 26 report, the discovery has yet to commence, and the first scheduling conference in EIG II has not yet occurred.

<u>Second</u>, consolidation would cause Defendant *significant prejudice* because Plaintiffs inexcusably delayed in bringing this instant motion for nearly four months. This undue delay unnecessarily compelled Defendant to (1) conduct extensive discovery in EIG I which will now amount to an incomplete discovery in EIG II and (2) conduct needless trial preparation that will have to be substantially expanded and redone in EIG II.

<u>Third</u>, consolidation will not promote judicial economy. EIG I involves only one alleged instance of copyright "infringement" of the October 14, 2012 newspaper, whereas EIG II involves alleged instances of "infringement" of thousands of newspaper since 1999, i.e., over 13 years. Accordingly, substantially new and broader discovery will be required in EIG II that was simply not required

-1-
DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE

for EIG I. Consolidation will not change that. EIG II will also implicate different legal defenses such as statute of limitations and/or laches. Consolidation will not change that either.

<u>Fourth</u>, denying consolidation and allowing EIG I to go to trial first as planned would promote judicial economy. To the extent that EIG I and EIG II present similar legal or factual issues, a judgment in EIG I would dispose of such issues in EIG II under the doctrines of res judicata and/or collateral estoppel. If allowed to go to trial as planned, the outcome of EIG I would also likely encourage settlement of EIG II one way or the other.

<u>Fifth</u>, this instant consolidation Motion is a transparent improper attempt to circumvent the Court's Scheduling Orders in EIG I and to obtain, in effect, a reconsideration relief of Plaintiffs' Motion to Extend Discovery and trial dates in EIG I, which the Court <u>denied</u> in on September 27, 2012.

For all of these reasons and the reasons set forth below, Plaintiffs' Motion to Consolidate should be denied and the trial in EIG I should be allowed to proceed on <u>December 4, 2012</u> as scheduled.

## II.

## RELEVANT BACKGROUND

On <u>December 21, 2011</u>, Plaintiffs filed a Complaint in <u>Energy Intelligence Group, Inc., et al. v. Plains All American Pipeline, L.P.</u>, Case No. CV 11-10556 PA (SSx) ("EIG I"), alleging that defendant Plains All American Pipeline, LP ("PAAP") infringed the copyright of the <u>October 14, 2011</u> issue of Plaintiffs' *Oil Daily* newsletter by distributing copies of that one newsletter to PAAP's employees and third parties without Plaintiffs' permission.

On April 16, 2012, the Court issued a Minute Order for EIG I, (Docket No. 37), setting July 9, 2012 as the last day for hearing of motions to amend pleadings or add parties. Thus, pursuant to the Court's Scheduling Order of the same date (Docket No. 39), June 11, 2012 was the last day to file any such motions.

On June 19, 2012, eight days after the court-imposed June 11, 2012 deadline, Plaintiffs' counsel sent an email to Defendant's counsel, asking for a stipulation to modify the Court's scheduling order, such that they could amend their complaint. Defendants' counsel replied that, since Plaintiffs had missed the deadline, Defendant could not stipulate to Plaintiffs' attempt to override the Court's order and that Plaintiffs needed to seek relief from the Court. (See Declaration of Susan C. Yu at ¶ 3 and Exhibit A thereto.)

Instead of seeking such relief from the Court, Plaintiffs filed a second action entitled Energy Intelligence Group, Inc., et al. v. Plains All American Pipeline, L.P., et al., Case No. CV 12-5867 PA (SSx) ("EIG II") on July 6, 2012. The Complaint in EIG II is nearly identical to that of the complaint in EIG I, except that (1) defendant Plains Marketing, L.P. — a wholly owned subsidiary of the Defendant -- who was alleged, but not named, in the first action was named as a second defendant; and (2) the Complaint in EIG II states, "This Complaint alleges infringement of all issues of [Oil Daily] published between December 1999 and December 2011 except the October 14, 2011 issue of [Oil Daily]." (EIG II Complaint ¶ 21.)(Emphasis added.)

On July 19, 2012, Plaintiffs' counsel sent a letter to Defendant's counsel mentioning possible "consolidation" of EIG II

with EIG I and falsely suggesting that Defendant had agreed to "consolidate" the cases. (See Declaration of Susan C. Yu at ¶ 3 and Exhibit B thereto.)

On July 20, 2012, Defendant's counsel promptly sent a letter to Plaintiff's counsel in response, making it clear that Defendant never agreed to "consolidate" EIG II with EIG I. (See Declaration of Susan C. Yu at ¶ 4 and Exhibit C thereto.)

The Court's Scheduling Orders in EIG I (Docket Nos. 37 and 39) also set September 24, 2012 as the discovery cutoff date, November 2, 2012 for the final pretrial conference, and December 4, 2012 for the date on which trial would commence.

On August 28, 2012, Plaintiffs filed a Motion to extend the discovery cut-off date and other pretrial and trial dates in EIG I by three months. (Docket No. 91.) On October 1, 2012, the Court denied Plaintiffs' motion, concluding that "Plaintiffs have not established good cause to continue the pretrial dates." (Docket No. 117.)

After failing to file leave to amend their EIG I complaint by the court-imposed June 11, 2012 deadline and after this Court denied their motion to extend discovery, pretrial and trial dates in EIG I, Plaintiffs now improperly seek an "end-run" around the Court's orders by moving to consolidate EIG I with EIG II.

In EIG I, however, discovery was complete as of September 24, 2012, all trial documents (including, but not limited to, Memoranda of Contentions of Fact and Law, Exhibit Lists, Witness Lists, Pretrial Conference Order, and proposed Jury Instructions) were exchanged as of October 19, 2012, the Final Pretrial Conference is

1 scheduled for November 2, 2012, and the trial is scheduled to
2 commence on December 4, 2012.
3     Plaintiffs could have filed the consolidation Motion in July,
4 2012, but they did not do so.
5     Instead, they carefully calculated the timing, such that they
6 could force Defendant to incur significant costs and time to produce
7 over 1 million pages of discovery and force Defendant's witnesses to
8 fly out to California for deposition, up until the 9/24/12 discovery
9 cut-off date.
10     Plaintiffs undoubtedly have abused the court system by bring
11 this consolidation Motion late.  They did so because they wanted
12 Defendant incur unnecessary legal fees, costs and resources in
13 discovery.
14     Indeed, Defendant spent significant time and money taking the
15 depositions of Plaintiffs' witnesses in New York and Los Angeles on
16 September 11, 12, 13, 19, 20 and 21, 2012.  (See Declaration of
17 Susan in C. Yu at ¶ 5.).
18     There is no justification for Plaintiffs to wait until now to
19 seek consolidation.  Defendant vigorously objected to this untimely
20 and highly prejudicial request, yet Plaintiffs simply ignored
21 Defendant.  Indeed, Plaintiffs made one of Defendant's witnesses who
22 had recently given birth to appear for her deposition. They also
23 made a witness who was in Europe for his 60th Birthday anniversary
24 with his family to appear for his deposition.  They further made a
25 witness who was on a family trip on the East Coast to appear for her
26 deposition.  (See Declaration of Susan C. Yu at ¶ 6 and Exhibit D
27 thereto.)
28

-5-
DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE

1  Plaintiffs made Defendant produce over 1 million pages of
2 discovery. Now, on the eve trial, they want to consolidate. If
3 Plaintiffs' conduct is not an abuse of the court system, something
4 is clearly wrong. If Plaintiffs' conduct is not tantamount to a
5 miscarriage of justice, then something is clearly wrong. Defendant
6 cannot suffer any more prejudice.
7  Plaintiffs should be sanctioned for their blatant abuse of the
8 court system and their reckless disregard for the prejudice
9 Defendant has suffered and will.
10  Plaintiffs' Motion to Consolidate should be denied. That is
11 the only right thing to do under the circumstances.

## III.

### ARGUMENT

**A.  The Legal Standards for Consolidation**

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

District courts have broad discretion whether or not to consolidate actions. <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1203 (9th Cir. 2008) (citing <u>Investor's Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.</u>, 877 F.2d 777, 777 (9th Cir. 1989)). In exercising its discretion to consolidate, the Court "must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice

-6-
DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE

that may result." Takeda v. Turbodyne Tech., Inc., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (citation omitted).

"Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). A motion to consolidate also may be denied if consolidation will cause delay in the processing of one or more of the individual cases, or if consolidation will lead to confusion or prejudice in the effective management or trial of one or more of the cases. 9 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2383 (1971).

Notably, the party seeking consolidation bears the burden of establishing that judicial economy and convenience outweigh prejudice. Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). Because Plaintiffs have not met their burden here, the Motion should be denied.

**B.   Consolidation Should Be Denied Since It Would Unfairly Prejudice Defendant By Unreasonably Delaying the EIG I Trial Even Though Discovery And Trial Preparation Are Completed.**

Plaintiffs contend no prejudice or unreasonable delay would result from consolidation. Plaintiffs are wrong on both counts.

Consolidation may be denied where prejudice or unreasonable trial delay for one of the cases would result, particularly where one case is further along than the other case. See, e.g., U.S. Rubber Recycling, Inc. v. Encore Intern., Inc., No. CV 09-09516 SJO (OPx), 2011 WL 311014, *13 (C.D. Cal. Jan. 7, 2011) (consolidation denied where "one of the actions has proceeded further in the discovery process than the other."); see also Firefighters, Local 1908 v. County of Clark, No. 2:12-cv-00615-MMD-VCF, 2012 WL 1986590,

-7-
DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE

*3 (D. Nev. June 1, 2012)(denying consolidation where cases "are at different stages in the litigation process"); Glass v. Intel Corp., No. CV 06-671-PHX-MHM, 2007 WL 2265663, *4 (D. Ariz. Aug. 6, 2007) (denying consolidation where one case was "poised to proceed to trial" whereas other case was in its "initial stages"); Long v. Dickson, No. 06-4012-SAC, 2006 WL 1896258, at *1 (D. Kan. June 29, 2006) (same); Bruno v. Borough of Seaside Park, 2006 WL 2355489, at *2 (D.N.J. Aug. 14, 2006) (same); Arkansas Right to Life State Political Action Committee v. Butler, 972 F. Supp. 1187, 1193 (W.D. Ark. 1997) (same).

Here, EIG I is ready to go to trial now, whereas EIG II has barely even commenced and the first scheduling conference is not set to occur until November 19, 2012. Consolidating EIG I with EIG II will only serve to delay the trial in EIG I while the parties litigate the thousands of alleged instances of copyright infringement at issue in EIG II.

Plaintiffs first considered consolidation on July 19, 2012. (Yu Declaration at ¶ 3, Exhibit B), but inexplicably waited three months, until October 16, 2012, to file this Motion. It was during these three months that Defendant had no choice but to conduct extensive discovery, including over two weeks worth of depositions in September 2012 in both New York and Los Angeles. (Yu Declaration at ¶ 5). Those depositions could have been delayed and/or coordinated to cover both EIG I and EIG II if Plaintiffs had sought consolidation sooner. To grant consolidation now, however, would require Defendant to retake those depositions at additional expense in order to cover the thousands of additional alleged incidents of copyright infringement at issue in EIG II.

-8-
DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE

Besides unreasonably delaying the trial of EIG I, consolidation would also confuse and complicate the trial of EIG I by combining (indeed overwhelming) the one recent alleged instance of copyright infringement at issue in EIG I with the thousands of other alleged instances of copyright infringement over the course of thirteen years, which are at issue in EIG II.

Plaintiffs alone are to blame for the predicament they have created. It was Plaintiffs who decided to file EIG I as a single count complaint in December 2011. It was Plaintiffs' fault that they missed the June 11, 2012 deadline to request leave to amend their EIG I complaint to add their EIG II claims and had to file EIG II as a separate action. It was also Plaintiffs' fault that they waited another three months after filing the complaint in EIG II to request consolidation. Plaintiffs' unjustified and unexplained three-month delay forced Defendant to complete discovery and trial preparation in EIG I such that EIG I is ready to go to trial. Consolidation will not only delay the trial of EIG I, it will require Defendants to redo discovery and trial preparation.

Plaintiffs have created this mess. They should own up to the mess they have created. Consolidation should be denied. EIG I should proceed to trial on December 4, 2012 as scheduled.

**C. Consolidation Should Also Be Denied Because It Will Not Promote Judicial Economy Whereas Allowing EIG I To Go To Trial First As Planned May Dispose Of Issues Common To EIG II And Encourage Settlement Of EIG II Before It Gets Started**

Plaintiffs also contend that granting consolidation would promote judicial economy because discovery conducted in EIG I could

-9-
DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE

also be used in EIG II.  That would be true, however, regardless of whether or not EIG I and EIG II were consolidated.

Although earlier consolidation may have allowed the cases to be effectively combined and streamlined, at this late stage in EIG I, consolidation will do nothing to promote judicial economy. Discovery and trial preparation in EIG I are already completed.  EIG I is now ready for trial.

Moreover, EIG I only involves one instance of alleged copyright infringement whereas EIG II involves thousands of alleged instances over the course of thirteen years.  EIG II will therefore require substantially more and broader discovery that EIG I did not need. EIG II also implicates different defenses, like statute of limitations and/or laches.  EIG I involved neither defense since only one recent alleged act of copyright infringement was at issue.

If anything, <u>denying</u> consolidation would promote judicial economy.  Since the actions do share similar legal and factual issues, like the validity, enforceability, interpretation and/or effect of common subscription agreements or a common course of dealing between the parties, a judgment in EIG I would bar similar claims/issues in EIG II under res judicata/collateral estoppel.

One way or another, a judgment in EIG I would also likely impact and encourage possible settlement of EIG II.  Simply put, allowing EIG I to go to trial first will expedite resolution and encourage settlement.  It will promote judicial economy and will save the Court's or parties' resources.

Consolidation should be denied.  EIG I should proceed to trial as planned with EIG II to follow if and as necessary.

**D.  EIG's Motion To Consolidate Should Also Be Denied Because It Is An Improper Attempt To Circumvent The Court's Scheduling Order Deadlines In EIG I And Its Denial Of Plaintiffs' Request To Extend Those Deadlines in EIG I.**

EIG's Motion to Consolidate should also be denied because it improperly seeks to circumvent this Court's Scheduling Orders in EIG I as well as the Court's denial of Plaintiffs' motion to extend those deadlines in EIG I.

Here, Plaintiffs' Motion to Consolidate violates the July 9, 2012 deadline for amending its complaint in EIG I as well as the Court's September 27, 2012 order denying Plaintiffs' request to extend the deadlines in EIG I.

Plaintiffs' motion should be denied on this basis as well.

**E.  If The Court Is Still Inclined To Consolidate EIG I and EIG II, The Court Should Preclude Plaintiffs From Re-seeking Discovery Already Sought In EIG I Or Re-litigating Discovery Or Other Legal Issues That Were Already Resolved In EIG I.**

If the Court is still inclined to grant Plaintiffs' motion to consolidate notwithstanding the arguments set forth above, it should fashion its consolidation order to limit any further prejudice unnecessary cost or delay to Defendant.

As explained above, Rule 42(b) of the Federal Rules of Civil Procedure gives the Court broad discretion to "(3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).

Here, if the Court consolidates the cases, it should preclude Plaintiffs, as part of its consolidation order, from re-seeking any discovery that has already been sought or from relitigating any discovery or other legal issues that were already resolved in EIG I.

-11-
DEFENDANT'S OPPOSITION TO MOTION TO CONSOLIDATE

# IV.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully requests that the Court deny EIG's Motion to Consolidate.  If the Court grants consolidation, however, it should preclude Plaintiffs from re-seeking discovery already sought in EIG I or re-litigating discovery or other legal issues already resolved in EIG I.

                    Respectfully Submitted,

                    MESEREAU & YU, LLP

Dated: October 29, 2012   By:   /s/ Susan C. Yu
SUSAN C. YU
Attorneys for Defendants and Counterclaimants
PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS MARKETING, L.P.